TRUMAN R. SADD
*vs.*
WILLIAM L. FITZGERALD

Superior Court          Windham County          File No. 7493

MEMORANDUM FILED DECEMBER 16, 1940.

*Irwin I. Krug,* of Willimantic, for the Plaintiff.

*William S. Hyde,* of Manchester, for the Defendant.

ELLS, J.   The tractor and trailer and box trailer were sold by the plaintiff to the defendant upon contracts of sale conditioned that title was to remain in the seller until the defendant had paid in full, and that if he failed to make any of the specified payments the seller could take possession, with or without legal process, and that all payments made would be considered as compensation for the use of the property and would be forfeited; "but the right of resuming possession of such property shall not prevent said Sadd from bringing suit instead for, or otherwise collecting any of said payments as they become due...."

Although the evidence is conflicting, a careful reading of the transcript and the exhibits makes it quite plain that within a very few days after the tractor and trailer were left for repairs in September the seller caused the defendant's motor vehicle registration to be cancelled, on September 16th, and on September 27th took out a temporary registration in the name of his own agent Charles Delorne, representing that Delorne was the owner and that he obtained it on September 15th from Sadd.   Three future applications represented that it was obtained from Sadd on September 10th; one said Sep-

tember 27th. It all ties in with the undoubted fact that Sadd immediately repossessed the chattels and used and treated them as his own. At about the same time Sadd seized the box trailer—upon which there was no repair bill—and sold it. When he repossessed all these chattels the defendant had already paid him $3,498.48. He was "financially not responsible." In addition to the repair bill he owed Sadd "plenty of money." It is apparent that Sadd repossessed the chattels under his option as provided in the conditional bill of sale. Upon conflicting testimony I must find that the defendant did not tell Sadd to take the property and sell it, and that he, the defendant, would pay the balance due according to the terms of the original contract. Sadd's entire course of conduct is to the contrary.

There were two courses open to the seller. He could repossess the property. He could bring suit "instead", for the payments due. He did the former. It is significant that Sadd testified that he did not know that if he "merely repossessed the truck" he "might be out of luck for the balance."

Judgment is for the defendant.